NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAY 24 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| STEPHEN FRANK KARBAN, | No. 21-15548 |
| Plaintiff-Appellant, | D.C. No. 2:19-cv-04377-DWL |
| v. | |
| VIVIAN BALTIERRA, Deputy Warden at Eyman Complex, Cook Unit Prison; STEVEN BRENNAN, Corrections Office (Captain) #2304 at Eyman Complex; CHARLES L. RYAN, Director, Arizona Department of Corrections; RON LEE, Security Operations Manager at Arizona Department of Corrections, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Dominic Lanza, District Judge, Presiding

Submitted May 17, 2022**

Before:     CANBY, TASHIMA, and NGUYEN, Circuit Judges.

Arizona state prisoner Stephen Frank Karban appeals pro se from the district

---

    \*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    \*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

court's judgment in his 42 U.S.C. § 1983 action alleging constitutional claims. We review de novo. *Hamby v. Hammond*, 821 F.3d 1085, 1090 (9th Cir. 2016) (summary judgment); *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (dismissal under 28 U.S.C. § 1915A). We affirm in part, reverse in part, and remand.

The district court properly granted summary judgment on Karban's due process claim against defendant Brennan because Karban failed to raise a genuine dispute of material fact as to whether the temporary loss of privileges resulting from a disciplinary violation that was dismissed through the prison's administrative appeal process imposed an atypical and significant hardship. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (under the Due Process Clause, a prisoner may challenge a state disciplinary action only if it "deprives or restrains a state-created liberty interest in some 'unexpected manner'" or "imposes some 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life'" (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995))).

However, summary judgment was improper on Karban's retaliation claim against defendant Baltierra. The record reflects that, approximately two weeks after Karban filed a grievance, Baltierra requested Karban be transferred. In the transfer request, Baltierra stated Karban was "not a yard problem, [and] likes paperwork." Additionally, Karban submitted a declaration stating that he had not

had issues with other inmates or staff prior to his transfer. Taking this evidence in the light most favorable to Karban, a genuine dispute of material fact exists as to whether Baltierra retaliated against Karban. *See Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009) (setting forth elements of a retaliation claim in the prison context); *Bruce v. Ylst*, 351 F.3d 1283, 1289 (9th Cir. 2003) (explaining that prison officials may not rely on an otherwise legitimate penological interest "as a cover or ruse to silence and punish [an inmate] because he filed grievances"). We reverse and remand for further proceedings on this claim.

The district court properly dismissed Karban's access-to-courts claim against defendants Ryan and Lee because Karban failed to allege facts sufficient to establish these defendants caused an actual injury to a nonfrivolous claim. *See Lewis v. Casey*, 518 U.S. 343, 349-54 (1996) (setting forth elements of an access-to-courts claim and explaining that that right of access to the courts is the "right to bring to court a grievance that the inmate wishe[s] to present," not a right "to litigate effectively once in court" (emphasis omitted)).

Karban's motion for appointment of counsel (Docket Entry No. 20) is denied.

The parties will bear their own costs on appeal.

**AFFIRMED in part, REVERSED in part, and REMANDED.**

21-15548